UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                          Case No. 8:19-cr-293-CEH-CPT

JHAPHRE HIGGS
_____/

**O R D E R**

Before the Court is Defendant Jhaphre Higgs's *Motion to Sever Counts Eight and Nine of the Superseding Indictment*. (Doc. 432). For the reasons set forth below, Higgs's motion is denied.[1]

I.

Higgs stands charged in a superseding indictment with conspiring to commit murder-for-hire, in violation of 18 U.S.C. § 1958 (Count 1); engaging in murder-for-hire, in violation of 18 U.S.C. §§ 1958 and 2 (Count 2); conspiring to distribute cocaine and cocaine base, in violation of 21 U.S.C. § 846 (Count 3); attempting to possess cocaine and cocaine base with the intent to distribute same, in violation of 21 U.S.C. § 846 (Count 4); using, carrying, brandishing, and discharging a firearm during and in

---

[1] A motion to sever is a non-dispositive motion which may be ruled upon by a magistrate judge, such as the undersigned. *United States v. Cochran*, 682 F. App'x 828, 841–42 (11th Cir. 2017) (per curiam) ("[A] motion to sever [i]s a non-dispositive motion properly committed to [a] magistrate judge for consideration.").

relation to drug trafficking crimes causing death, in violation of 18 U.S.C. §§ 924(c) and 2 (Counts 5–6); and being a felon-in-possession of a firearm and/or ammunition on three separate dates, in violation of 18 U.S.C. § 922(g) (Counts 7–9). (Doc. 54).

The majority of the charges against Higgs—namely, Counts 1 through 7—are largely grounded upon allegations that he and his brother, co-Defendant James Higgs, Jr., were hired by a third co-Defendant, Kermon Williams, to murder Williams's rival in the drug business, Tywan Armstrong. *Id.* According to the superseding indictment, the Higgs brothers initially tried to kill Armstrong on September 22, 2018, using an AR-15 rifle provided to them by Williams. *Id.* The government proffers that Higgs and his brother "were able to hit Armstrong with gun fire" during this attempted homicide but that "none of the[ir] shots were lethal." (Doc. 435 at 3).

The superseding indictment further avers that the Higgs brothers thereafter participated in a drive-by shooting of Armstrong on January 21, 2019, while Armstrong was in a vehicle with at least two other persons, one of whom was Roger Ford. (Doc. 54). That shooting resulted in the death of both Armstrong and Ford. *Id.*

The remaining counts in the superseding indictment, Counts 8 and 9, pertain to Higgs's alleged unlawful possession of a firearm and ammunition on two occasions in and around the time frame when he and his brother purportedly sought to and did take the lives of Armstrong and Ford. *Id.* The first of these incidents occurred on November 23, 2018, following a 9-1-1 call about a possible shooting of another individual. (Doc. 435 at 3). In connection with that call, law enforcement stopped a vehicle in which Higgs was a passenger and discovered a loaded .380 caliber Smith

and Wesson under his seat. (Doc. 432 at 2–3; Doc. 435 at 3). A subsequent analysis of that weapon led to the discovery of Higgs's DNA (as well as that of two unidentified persons) on the firearm. *Id.*

The second incident stemmed from Higgs's alleged involvement in a January 10, 2019, shooting, which apparently arose out of a dispute over the filming location for a rap video.[2] (Doc. 435 at 3). According to the government, the gun Higgs possessed on that day matched one of the firearms used in the double homicide of Armstrong and Ford. *Id.* at 3–4.

Roughly four weeks later, on February 6, 2019, Higgs was taken into custody for his role in the rap video shooting.[3] (Doc. 435 at 4). When law enforcement searched Higgs's car, they discovered a .380 caliber Hi Point weapon containing his DNA. (Doc. 432 at 3; Doc. 435 at 4).

By way of the instant motion, Higgs now seeks to sever Counts 8 and 9 from the superseding indictment. (Doc. 432). In support of this request, Higgs posits that these charges were improperly joined and that their inclusion in the superseding indictment "unfairly and unnecessarily prejudices [his] right to a fair trial for separate offenses." *Id*. at 3. The government opposes Higgs's motion, arguing that joinder of

---

[2] Higgs was ultimately convicted of being a felon-in-possession of ammunition as a result of this shooting. *See United States v. Higgs*, 8:19-cr-92-WFJ-AEP, (Doc. 58). The government's assertion in its response that this crime transpired on January 19, 2019, rather than on January 10, 2019, appears to be a scrivener's error.

[3] Higgs claims that his February 6, 2019, arrest was linked to the November 23, 2018, incident instead. (Doc. 432 at 3). The Court need not resolve this apparent discrepancy because it is not material to its analysis.

Counts 8 and 9 is proper and that Higgs has not met his burden of showing severance is warranted. (Doc. 435).

II.

The Eleventh Circuit employs a two-step approach in evaluating whether charges in an indictment may appropriately be tried together. *United States v. Pearson*, 832 F. App'x 679, 685 (11th Cir. Oct. 14, 2020) (citing *United States v. Barsoum*, 763 F.3d 1321, 1336–37 (11th Cir. 2014)); *United States v. Bully*, 729 F. App'x 671, 673 (11th Cir. 2018) (per curiam) (citing *United States v. Walser*, 3 F.3d 380, 385 (11th Cir. 1993)). This two-part inquiry emanates from Federal Rules of Criminal Procedure 8(a) and 14(a), which govern the joinder of offenses and the relief from prejudicial joinder, respectively. *See* Fed. R. Crim. P. 8(a), 14(a).

Pursuant to the first prong of this analysis, the government must demonstrate that the initial joinder of the challenged offenses was authorized under Rule 8(a) given the averments contained in the charging instrument and the evidence proffered to the court. *United States v. Dominguez*, 226 F.3d 1235, 1240–42 (11th Cir. 2000); *Walser*, 3 F.3d at 385. Rule 8(a) allows for joinder when the offenses at issue "are of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan." Fed. R. Crim. P. 8(a).[4] The Eleventh Circuit instructs that this provision is to be broadly construed in favor of joinder. *See Dominguez*, 226 F.3d at 1238.

---

[4] In describing the contours of Rule 8(a) in his motion, Higgs neglects to include the "same or similar character" language. *See* (Doc. 432 at 4).

Of significance here, to fall within the ambit of Rule 8(a)'s "same or similar character" clause, the charged crimes "need only be similar in category, *not* in evidence." *United States v. Hersh*, 297 F.3d 1233, 1241 (11th Cir. 2002) (citing *United States v. Coleman*, 22 F.3d 126, 133 (7th Cir. 1994)). "Similar" in this context means "[n]early corresponding; resembling in many respects; somewhat alike; [or] having a general likeness." *Walser*, 3 F.3d at 385 (quoting *United States v. Werner*, 620 F.2d 922, 926 (2d Cir. 1980); Webster's New International Dictionary (2d ed.)). Thus, "if offenses are of like class, although not connected temporally or evidentially, the requisites of proper joinder should be satisfied so far as Rule 8(a) is concerned." *Hersh*, 297 F.3d at 1241 n.12 (quoting *Coleman*, 22 F.3d at 133–34).

On appeal, the propriety of joinder is subject to *de novo* review. *Walser*, 3 F.3d at 385. Even if improper joinder occurs, however, reversal is not required "unless [the misjoinder] 'result[ed] in actual prejudice [that] had [a] substantial and injurious effect or influence in determining the jury's verdict.'" *United States v. Souffrant*, 517 F. App'x 803, 810 (11th Cir. 2013) (quoting *Weaver*, 905 F.2d at 1477); *see also Dominguez*, 226 F.3d at 1238 (citing *Weaver*, 905 F.2d at 1476–77).

If the government satisfies the first prong, a defendant may nonetheless seek to sever the challenged counts pursuant to Rule 14(a) upon a showing of compelling prejudice. *United States v. Lopez*, 649 F.3d 1222, 1234 (11th Cir. 2011). The test for determining compelling prejudice is:

> whether under all the circumstances of a particular case it is within the capacity of jurors to follow a court's limiting instructions and appraise

5

> the independent evidence against a defendant solely on that defendant's own acts, statements, and conduct in relation to the allegations contained in the indictment and render a fair and impartial verdict.

*Walser*, 3 F.3d at 386–87.

A defendant's burden in bringing a severance motion is a "heavy" one and cannot be met by "mere conclusory allegations." *Hersh*, 297 F.3d at 1243 (citing *Walser*, 3 F.3d at 386); *United States v. Brooks*, 426 F. App'x 878, 882 (11th Cir. 2011) (per curiam). Moreover, severance is not required if a cautionary instruction can cure the prejudice caused by the counts in question. *Hersh*, 297 F.3d at 1244.

In the end, when deciding a motion for severance, a court "must balance the right of a defendant to a fair trial against the public's interest in [the] efficient and economic administration of justice." *United States v. Zielie*, 734 F.2d 1447, 1464 (11th Cir. 1984), *abrogated in part on other grounds by Bourjaily v. U.S.*, 483 U.S. 171 (1987), *as recognized in United States v. Chestang*, 849 F.2d 528 (11th Cir. 1998). On appeal, a district court's denial of a severance motion will be upheld "absent a clear abuse of discretion resulting in compelling prejudice against which the district court could offer no protection." *Bully*, 729 F. App'x at 673 (quoting *Walser*, 3 F.3d at 385).

Applying the above legal principles here, Higgs's severance motion fails. With respect to the first prong regarding joinder, the felon-in-possession charges contained in Counts 8 and 9 are predicated upon the identical statutory violation as the felon-in-possession offense alleged in Count 7. (Doc. 54). The sameness in character of these crimes alone justifies joinder. *See* Fed. R. Crim P. 8(a) (permitting joinder when the

6

offenses at issue are of the same character); *Hersh*, 297 F.3d at 1241 (noting that "Rule 8(a) is construed broadly in favor of initial joinder" and allows joinder of offenses which, among other things, are of the same character) (internal quotation marks and citations omitted). The fact that the felon-in-possession charges set forth in Counts 8 and 9 are also similar in nature to the gun-related crimes levied in Counts 5 and 6 further supports joinder. *Hersh*, 297 F.3d at 1241 ("Rule 8(a) is not limited to crimes of the 'same' character but also covers those of 'similar' character, which means '[n]early corresponding; resembling in many respects; somewhat alike; having a general likeness.'") (quoting *Walser*, 3 F.3d at 385).[5]

In arriving at this conclusion, I accept for purposes of argument that—as Higgs asserts in his motion—the offenses averred in Counts 8 and 9 were not part of the scheme to murder Armstrong and involved different firearms than those allegedly used in the double homicide of Armstrong and Ford. (Doc. 432 at 5). I further recognize that—as Higgs also highlights in his motion—neither of his co-Defendants purportedly played a role in the events on which Counts 8 and 9 are based.[6] Higgs, however, does

---

[5] In light of these findings, it is unnecessary for the Court to consider whether, as the government maintains, Counts 8 and 9 are additionally similar in character to Counts 1 and 2, which—as explained above—assert that Higgs, along with his brother and Williams, engaged in murder-for-hire using a firearm and conspired to commit that offense. (Doc. 435 at 5).

[6] In making this point, Higgs cites Rule 8(b), which governs "[j]oinder of [d]efendants" and which provides that two or more defendants may be charged in the same indictment "if they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses." Fed. R. Crim. P. 8(b). Higgs, however, does not seek a severance from his co-Defendants on the grounds that they are misjoined. *Dominguez*, 226 F.3d at 1239 n.4 (observing that "Rule 8(a) governs the joinder of multiple offenses," while "Rule 8(b) governs the joinder of defendants," and that the former "establishes a more lenient standard" than the latter) (internal quotation marks and citations omitted). And, while the matter has not been adequately

not cite any Eleventh Circuit precedent that requires such a close relationship between the supposedly misjoined counts and the other charges in an indictment. Indeed, the controlling case authority is to the contrary. *See, e.g., Hersh*, 297 F.3d at 1242; *Walser*, 3 F.3d at 385. Accordingly, even though Counts 8 and 9 may not be connected "evidentially" or arise out of the same act or transaction as Counts 1–7, they are still of the "same or similar character" as at least some of those counts for the reasons discussed above and thus properly joined. *Hersh*, 297 F.3d at 1241.

Turning to the second prong, Higgs does not articulate any specific prejudice—let alone compelling prejudice—that would warrant the severance of Counts 8 and 9. Instead, he simply speculates in summary fashion that the "only relevant reason" for the government to have included Counts 8 and 9 in the superseding indictment "would be to show [he] is a dangerous individual and on two separate occasions possessed other firearms as a convicted felon." (Doc. 432 at 5). Such a conclusory claim is plainly inadequate. *Walser*, 3 F.3d at 386 (noting that a defendant cannot carry his "heavy burden" of showing compelling prejudice by "mere conclusory allegations") (internal quotation marks and citations omitted); *see also Brooks*, 426 F. App'x at 882 (same). This is especially true here for several reasons.

---

briefed at this point, it does not appear that Higgs would be entitled to such a severance. *See United States v. O'Steen*, 2022 WL 1224965, at *2 (M.D. Fla. April 26, 2022) ("Joinder is permitted under Rule 8(b) even though not every defendant is charged with every offense in the indictment, and each participant need not participate in all acts or even know the other participants' roles in the ventures.") (internal quotation marks and citations omitted); *United States v. Cadicamo*, 2009 WL 141507, at *3 (M.D. Fla. Jan. 21, 2009) ("[T]he general rule is that defendants who are jointly indicted should be tried together, particularly in conspiracy cases.") (quoting *United States v. Baker*, 432 F.3d 1189, 1236 (11th Cir. 2005)). Higgs's reliance on Rule 8(b) is therefore unavailing.

To begin, there appears to be ample decisional law that felon-in-possession charges generally do not constitute a sufficient basis for severance, particularly where, as in this action, drugs and guns are alleged to be involved. *See, e.g.*, *Lopez*, 649 F.3d at 1242 ("[T]his Court has long recognized that, as Forrest Gump might say, drugs and guns go together like peas and carrots. If every defendant charged with illegal drug activities were entitled to be tried separately on any felon-in-possession charge, separate trials would eat up a lot more scarce judicial resources."); *United States v. Jiminez*, 983 F.2d 1020, 1022–23 (11th Cir. 1993) (concluding that there was no prejudice stemming from the joinder of a felon-in-possession count with a drug charge in part because the prior conviction referenced in the felon-in-possession count was not unduly emphasized and the court instructed the jury not to consider it in connection with any other issues); *see also United States v. Dowd*, 451 F.3d 1244, 1250 (11th Cir. 2006) ("Under the particular factual circumstances of this case, we do not believe that the exposure of the jury to the bare fact that [the defendant] was a convicted felon created the kind of specific and compelling prejudice that warrants reversal for failure to sever.").

Even were that not the case, as referenced previously, there is already a separate felon-in-possession charge in the superseding indictment (i.e., Count 7) wholly apart from the felon-in-possession offenses alleged in Counts 8 and 9. In addition, the felon-in-possession crimes averred in Counts 8 and 9 can hardly be said to portray Higgs as more of a dangerous individual than the murder-for-hire and attendant weapons-related charges levied against him in Counts 1, 2, 5, and 6. *Hersh*, 297 F.3d at 1243

(rejecting the defendant's severance argument in part because a reasonable jury undoubtedly would have found that the purportedly misjoined counts were equally "inflammatory" to the other counts in the indictment and because the defendant offered no support for his contention that the evidence of the former was "somehow more prejudicial or inflammatory" than the latter).

And finally, even if the inclusion of Counts 8 and 9 were to result in some prejudice to Higgs, he does not address, much less establish, why a proper curative instruction would not adequately address any such prejudice. *Walser*, 3 F.3d at 387 (noting that severance is not required "if the possible prejudice may be cured by a cautionary instruction"). Higgs's failure to make such a showing provides yet another basis for denying his motion.

III.

For the above-stated reasons, Higgs's *Motion to Sever Counts Eight and Nine of the Superseding Indictment* (Doc. 432) is denied.

SO ORDERED in Tampa, Florida, this 13th day of May 2022.

HONORABLE CHRISTOPHER P. TUITE
United States Magistrate Judge

Copies to:
Counsel of record