UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                                                  Case No. 8:19-cr-293-CEH-CPT

JHAPHRE HIGGS
    a/k/a "PRE"

**MEMORANDUM OF THE UNITED STATES OF AMERICA
CONCERNING FORFEITURE SPECIAL VERDICT**

The United States of America submits this memorandum in conjunction with the proposed special forfeiture verdict and forfeiture jury instructions. In the event that defendant Jhaphre Higgs is convicted as charged in one or both of the offenses charged in Count Eight and/or Nine of the Superseding Indictment, and if the defendant requests a jury determination on forfeiture pursuant to Rule 32.2(b)(5) of the Federal Rules of Criminal Procedure, this memorandum outlines the procedure the government proposes that the court take with regard to the special verdict on forfeiture. The government will not request a jury determination on the forfeiture.

**MEMORANDUM OF LAW**

**I.  Background**

Counts Eight and Nine charge the defendant with felon in possession of a firearm and ammunition, in violation of 18 U.S.C. § 922(g)(1). Doc. 54. The forfeiture allegations of the Superseding Indictment notified the defendant that, under the provisions of 18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c), the United States intended to forfeit a Smith & Wesson M&P Bodyguard .380 pistol, serial

number KBA6829, six rounds of .380 caliber ammunition, a Hi-Point CF .380 pistol, serial number P8058585, and eight rounds of .380 caliber ammunition, involved in or used in the violations charged in Counts Eight and Nine of the Superseding Indictment.

## II. Applicable Statutes

Criminal forfeiture in this case is authorized by 18 U.S.C. § 924(d), which provides for the forfeiture of "any firearm or ammunition involved in or used in any knowing violation" of section 924, as charged in Counts Eight and Nine. Pursuant to 28 U.S.C. § 2461(c), the government is authorized to forfeit this property criminally, and the procedures for the forfeiture and disposition of such property are governed by 21 U.S.C. § 853.

## III. Forfeiture Proceeding

Because forfeiture is an element of sentencing, there exists no constitutional right to a jury determination for forfeiture. *See United States v. Libretti*, 516 U.S. 29, 49 (1995) ("the nature of criminal forfeiture as an aspect of sentencing compels the conclusion that the right to a jury verdict on forfeitability does not fall within the Sixth Amendment's constitutional protection"). Furthermore, there is no statutory provision for a jury determination on forfeiture.

Pursuant to Federal Rule of Criminal Procedure 32.2(b)(5), however, either the defendant or the United States may request that the jury determine whether the government has established a nexus or connection between the property alleged

subject to forfeiture and the crime for which the defendant has been found guilty by the jury.  This is the jury's sole function in the forfeiture phase of the trial.  It is no longer necessary for the jury to determine the extent of the defendant's interest in the property.  Fed. R. Crim. P. 32.2, Advisory Committee Notes (2000 Adoption).  That issue is left for the ancillary proceedings.  *Id.*

Ultimately, the Court orders the forfeiture of property, but the jury must answer questions which will allow the Court to make the appropriate findings. *United States v. Amend*, 791 F.2d 1120, 1128 (4th Cir.), cert. denied, 479 U.S. 930 (1986) (affirming method by which jury determined forfeitability and questions about whether property was acquired through criminal enterprise, but trial court entered order of forfeiture); *United States v. L'Hoste*, 609 F.2d 796, 813-14 (5th Cir.), cert. denied, 449 U.S. 833 (1980) (holding that forfeiture order is mandatory once jury determines essential factual issues required for forfeiture).  The government's proposed special verdict is in the form of an interrogatory which will assist the jury to determine the factual predicate for the forfeiture issues in this case, and to procure the information necessary for the court to enter a forfeiture order.

Under this approach, the Court should not advise the jury of the ramifications of its decision regarding forfeiture, just as a jury is not advised of the ramifications of a verdict of guilt or innocence.  Thus, the portion of the Superseding Indictment entitled "Forfeitures" and Bill of Particulars should not be read to the jury, and the term "forfeiture" should not be mentioned to the jury until after the issue of

innocence or guilt is decided. The portion of the Superseding Indictment entitled "Forfeitures" Bill of Particulars are merely the required statutory notice to the defendant that the government seeks to forfeit certain property in accordance with the applicable statute. Fed. R. Crim. P. 32.2(a), Advisory Committee Notes (2000 Adoption and 2009 Amendment). Hence, bifurcated proceedings are required.

At the forfeiture hearing following a conviction both the defendant and the government have the opportunity to present evidence with respect to the forfeitability of the property. As the Advisory Committee Notes to Fed. R. Crim. P. 32.2(b)(4) explain:

> For example, if the defendant disputes the government's allegation that a parcel of real property is traceable to the offense, the defendant would have the right to request that the jury hear evidence on that issue, and return a special verdict, in a bifurcated proceeding that would occur after the jury returns the guilty verdict. The government would have the same option of requesting a special jury verdict on this issue, as is the case under current law.

*Id.*

## IV. Conclusion

In conclusion, should the defendant request a jury determination on the forfeiture after conviction pursuant to Rule 32.2(b)(5) and the Court determine that such a determination is required, the government requests that the Court:

(1)  instruct the jury on the issue of forfeiture after the jury has returned a guilty verdict on one or both of the offenses charged in Counts Eight and Nine of the Superseding Indictment;

(2)     allow jury instructions regarding property subject to forfeiture and burden of proof;

(3)     allow bifurcated argument on the forfeiture issue; and

(4)     provide the jury with a special verdict form as proposed by the government.

Respectfully Submitted,

ROGER B. HANDBERG
United States Attorney

By:     *s/James A. Muench*
JAMES A. MUENCH
Assistant United States Attorney
Florida Bar Number 472867
400 North Tampa Street, Suite 3200
Tampa, Florida 33602
(813) 274-6000 – telephone
E-mail: james.muench2@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on October 18, 2022, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to counsel of record.

*s/James A. Muench*
JAMES A. MUENCH
Assistant United States Attorney